## SMITH v. UNITED STATES.
### No. 2243.

District Court, W. D. Louisiana, Monroe Division.

Dec. 28, 1932.

Raymond C. Parker, of Winnsboro, La., and Hudson, Potts, Bernstein & Sholars, of Monroe, La., for plaintiff.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La.

DAWKINS, District Judge.

Defendant has moved to dismiss this suit upon the ground that the court is without jurisdiction, because the application to the Veterans' Bureau was not made until August 10, 1931, more than a month after the latest date on which Congress had provided under the Act of July 3, 1930, that suits could be filed on such claims.

Some oral testimony was heard, but not recorded, in which the plaintiff sought to show that application to the Bureau had been made for insurance benefits about June 12, 1931, the date on which the claim of one Eugene McKay Simms was filed, as disclosed in a letter by the regional manager of the Veterans' Bureau, at New Orleans, to Hon. Riley J. Wilson, member of Congress from this district, written on December 12, 1931. However, there was no record of any such claim in the files of the Bureau, and the oral testimony was such that it could not be treated as trustworthy. The only other evidence in the record about such a claim consists of two letters from the regional adjudication officer, at New Orleans, La., the first dated August 3, 1931, and the other August 11th of the same year. In the first, the regional adjudication officer referred to "your claim for insurance benefits" and inclosed forms 579 and 535, which the applicant was "requested to fill out as indicated * * * and return them to this office. Upon receipt of your official claim for insurance benefits, it will be given further consideration and you will be fully advised of your rights." In the second letter, acknowledgment was made "of your official claim for insurance benefits. * * * *" In addition to this, there appeared in the Bureau files a letter dated July 18, 1931, which was not left with or filed in the record at the trial of this motion by either side, the same simply having been exhibited by the attorney for the Bureau for inspection by the court, referring to this insurance, and this I have no doubt is what was intended in the Bureau's letter of August 3d, and was the first advice that it had of any claim of Smith for insurance benefits. This was fifteen days too late, as the time allowed by the last amendment of the law had expired on July 3, 1931. See title 38, U. S. C. 445, 38 USCA § 445 (Act July 3, 1930, § 4, 46 Stat. 992).

In these circumstances, my view is that this court is without power or jurisdiction to entertain the suit. U. S. v. Densmore (C. C. A.) 58 F.(2d) 748.

The motion to dismiss will have to be sustained.

Proper decree should be presented.